IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ERIC HORNES,**

    **Petitioner,**

**v.**                   **Civil Action No. 5:06cv70**
                       **(Judge Stamp)**

**ALBERTO GONZALEZ, ANTHONY
WILLIAMS, ROBERT SPAGNOLLETTI,
HARLEY LAPPIN AND AL HAYNES,**

    **Respondents.**

**OPINION/REPORT AND RECOMMENDATION AND
ORDER DENYING MOTION FOR EXPEDITED PROCESS**

On June 8, 2006, the *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus. The petitioner was granted permission to proceed as a pauper on September 25, 2006 and he paid the required filing fee a few weeks later. On October 12, 2006, the petitioner filed a motion for expedited process with a memorandum in support. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.09, et seq.

**I. The Petition**

In the petition, the petitioner asserts that he brings this action in the nature of habeas corpus commanding that the respondents appear in court to explain and produce proof of the "authority, legality, and the nature and cause under which Respondent is restraining Petitioner." Petition at 8. The petitioner therefore requests that should the Court find that the respondent has no legal authority to restrain him, the Court issue an Order directing the respondents to immediately release and discharge the petitioner from restraint. Id. Over the next several pages, the petitioner then attempts to show that he has exhausted his administrative remedies with regard to each and every alleged

violation of his constitutional rights that he may have possibly suffered while incarcerated. Petition at 8-14. However, most, if not all of these claims appear to be civil in nature.[1]

After identifying the issues that he has grieved, the petitioner then asserts that he is entitled to the privilege of Habeas Corpus because these allege violations of his civil rights show that he has been subjected to conditions of confinement that are designed to inflict punishment. Therefore, it appears that the petitioner is arguing that he is entitled to release from custody because the conditions of his confinement are cruel and unusual.

In subsequent pages, the petitioner then attempts to more clearly define his claims by identifying 15 counts on which his petition is based. Petition at 15-24. However, his "counts" are merely a reiteration of the allegations contained in the previous pages.

Next, the petitioner attempts to offer "argument" in support of his claims. Petition at 24-25. In this section, the petitioner argues that the respondents acquired custody of him solely for the purpose of housing, care, maintenance and security while he serves his sentence imposed by the Superior Court of the District of Columbia. The plaintiff argues that he did not leave his constitutional rights at the prison gates and that he should not be used as a subject in an experiment of torture or abuse. The petitioner asserts that the conditions of his confinement are forbidden and intolerable. The petitioner further asserts that the respondents abuse their power and authority by imposing additional punishment and an additional sentence upon the petitioner. The petitioner asserts that it is this "reckless and wanton infliction of cruel and punishment" which warrants

---

[1] For example, the petitioner asserts that the respondents have denied him access to legal materials, access to the courts, and access to the grievance procedures. The petitioner also asserts that the respondents have threatened and coerced him into slavery, have taken his property without just compensation, tampered with his legal mail and failed to follow stated policy. These are just eight of the 56 paragraphs in which the petitioner identifies alleged violations of his constitutional rights for which he has filed grievances.

immediate and emergency relief. Petition at 25.

As relief, the petitioner requests that the Court command the respondents to provide proof of the legality of his detention and that he was not subjected to cruel and unusual punishment by requiring them to rebut the allegations made in his petition, line by line. In the alternative, the petitioner requests his immediate release and discharge from restraint.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, Petitioner does not attack the execution of his sentence. Instead, Petitioner seeks an order directing the BOP to release him based on alleged violations of his constitutional rights related to the conditions of his confinement. Clearly, such claims should have been raised pursuant to a civil rights complaint. Id. (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under 28 U.S.C. § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III. Petitioner's Motion for Expedited Process

In this motion, the petitioner's requests that the court make an immediate determination on the ruling of his motion to proceed as a pauper and that an Order be immediately entered that the United States Marshal Service serve process on the respondents. However, the petitioner's in forma pauperis motion has already been ruled on and for the reasons set forth herein, the plaintiff is not

entitled to court ordered service of process of his petition. Accordingly, his Motion for Expedited Process (dckt. 11) is **DENIED**.

**IV. Recommendation**

For the foregoing reasons, it is the recommendation of the undersigned that the petitioner's Petition for Writ of Habeas Corpus be **DENIED and DISMISSED without prejudice** to the petitioner's right to refile his claims in a civil rights action.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

DATED: June 5, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE