IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL ERIC HORNES,

       Petitioner,

v.                                        Civil Action No. 5:06CV70
                                                     (STAMP)
ALBERTO GONZALEZ, ANTHONY WILLIAMS,
ROBERT SPAGNOLLETTI, HARLEY LAPPIN
and AL HAYNES,

       Respondents.

**MEMORANDUM OPINION AND ORDER**
**DENYING AS MOOT PETITIONER'S**
**MOTION PURSUANT TO 28 U.S.C. § 2241**
**AND MOTION FOR EXPEDITED PROCESS**

I. Background

The pro se[1] petitioner, Michael Eric Hornes, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241. In this petition, the petitioner seeks an order directing the Bureau of Prisons ("BOP") to release him based on alleged violations of his constitutional rights related to the conditions of his confinement. Additionally, the petitioner filed a motion for expedited process on his motion to proceed as a pauper. This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

In his report setting forth his recommended disposition, the magistrate judge recommends that the petitioner's § 2241 motion be

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

denied and dismissed without prejudice, and that the petitioner's motion for expedited process be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court denies as moot the petitioner's § 2241 petition and motion for expedited process.

## II. Discussion

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case ceases to present a viable legal issue requiring resolution, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which renders it moot, the case must be dismissed. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the petitioner is asking for this Court to issue an order directing the BOP to release him based on violations of his constitutional rights concerning the conditions of his confinement. Although the petitioner has not notified this Court of a change of address, the BOP inmate locator website establishes that the petitioner was released from custody on August 30, 2007. Because the petitioner has been released from the custody of the BOP, the petitioner's legal challenges no longer require resolution.

Accordingly, this case is now moot, and this Court lacks jurisdiction to consider the issues raised therein.

Even if this case were not moot, however, this Court agrees with the magistrate judge that the petitioner would not be entitled to relief on the merits. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

The proper purpose of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is to challenge the manner in which a sentence is being executed. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Such petitions must be brought against the petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court; therefore, the only proper respondent is the petitioner's custodian).

In this case, the petitioner is seeking a release order based on the alleged violations of his constitutional rights regarding his confinement conditions. Indeed, the relief that the petitioner

3

requests does not relate to the manner in which his sentence is being executed. As the magistrate judge recognized, such a claim should have been raised pursuant to a civil rights complaint, and not a § 2241 petition. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973) (finding that a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Therefore, this Court finds no clear error in the magistrate judge's finding that a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is not the proper avenue for the petitioner to obtain his requested relief.

Furthermore, the magistrate judge held that the petitioner's motion for expedited process, in which the petitioner requested that the court make an immediate determination on the ruling of his motion to proceed as a pauper and that an order be immediately entered requiring the United States Marshal Service to serve process on the respondents, should also be denied. Specifically, the magistrate judge held that the petitioner's in forma pauperis motion was already ruled upon by the court, and that the petitioner was not entitled to court-ordered service of process of his petition. Again, this Court finds no clear error in the magistrate judge's decision.[2]

---

[2] Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation would bar the petitioner from appealing the judgment of this Court affirming and adopting the magistrate judge's report and recommendation.

4

### III. Conclusion

For the reasons stated above, the petitioner's § 2241 petition and motion for expedited process are both DENIED and DISMISSED as moot. Accordingly, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   December 8, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE